UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ULYSSES HOLMES,**

    **Plaintiff,**

v.                              Case No.: 6:16-cv-01507-PGB-KRS

**CUSTOM CORNHOLE
BOARDS INCORPORATED,**

    **Defendant.**

_____/

**RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION FOR DISMISSAL WITH PREJUDICE AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ULYSSES HOLMES ("Plaintiff"), and Defendants, CUSTOM CORNHOLE BOARDS INCORPORATED ("Defendants") (collectively "Parties"), through their undersigned counsel, jointly move the Court to approve the settlement agreement, attached as Exhibit A, reached by the parties and dismiss this case with prejudice, and in support thereof state as follows:

1. This action originated on or about August 24, 2016, when Plaintiff filed his Complaint (Doc. 1) against Defendant, seeking damages for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and damages for violation of the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. On July 7, 2017, this Court dismissed without prejudice Count II of Plaintiff's complaint so that Plaintiff may seek to bring it concurrently with his already pending state court negligence action. (Doc. 61, 62). *Holmes et al. vs. Custom Cornhole Boards Incorporated.* Case NO.:2017-CA-00-000494-O.

3. In the Amended Complaint pending before this Court, Plaintiff seeks to recover unpaid overtime compensation which he alleges Defendants owe to Plaintiff under the FLSA.

4. Defendant denies Plaintiff was not paid all wages owed to him.

5. On December 1, 2017, this Court denied the parties' Joint motion for Settlement Approval. (Doc. 73). The Court denied the joint motion because the proposed settlement agreement provided for modification by a party against whom enforcement is sought and was not in its final form. Additionally, the proposed settlement agreement contained the following non-cash provisions: a non-disparagement clause, a waiver of future employment clause, and a neutral references clause. Finally, this Court held that, because the proposed settlement agreement did not include a severability clause, the Court would not strike the non-cash provisions and otherwise approve the settlement.

6. In their renewed motion, the parties submit that they have removed the non-cash provisions from the proposed settlement agreement and included a severability clause. Additionally, the proposed settlement does not allow for modification as the prior proposed settlement agreement did.

7. During Defendant's negotiations with Plaintiff, Defendant's counsel raised a number of significant issues with Plaintiff's counsel that could have prohibited Plaintiff from recovering any money whatsoever under any of the claims.

8. As to the FLSA claim, Defendant provided the defense that created issues with the FLSA claims made by each Plaintiff: the number of hours allegedly worked by Plaintiff.

9. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties. After a full review of the facts and information, the Parties, who have been represented by experienced counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

10. Pending this Court's approval, the settlement provides that Defendants are to pay Plaintiff $500.00 (less applicable withholding) in allegedly unpaid wages. Plaintiff originally

sought $800.00, excluding liquidated damages. Thus, Plaintiff's settlement is only $300.00 less than Plaintiff's "hard damages," claimed in his Court Interrogatories. (Doc. 39).

11. Defendants have also agreed to pay $1,000.00 to Plaintiffs' attorneys, Wenzel Fenton Cabassa, P.A., which includes costs incurred of over $400.00 and the cost of service of process. Both sides acknowledge that the fees and costs were negotiated separately.

12. In exchange for these payments, Plaintiff agrees to release Defendants only from the claims brought under the Fair Labor Standards Act. The settlement agreement does not include Plaintiff's pending state court action nor does it include Plaintiff's claim under Fla. Stat. § 440.205 that was dismissed with prejudice.

13. The parties agree this is a fair and reasonable settlement of a bona fide dispute.

14. The Parties also agree that this Settlement Agreement does not impact or in any way release the claims currently pending in Plaintiff's other lawsuit against Defendant Customer Cornhole Boards Incorporated, CASE NO.: 2017-CA-00-000494-O, pending in and for the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division.

15. Based upon the facts and authority cited below, this Motion should be granted, the Settlement Agreement approved, and the case dismissed with prejudice.

### MEMORANDUM OF LAW

I. **THE COURT SHOULD APPROVE THE STIPULATION OF SETTLEMENT BECAUSE THE COMPROMISE IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE**

   A. **Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the

> Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them....The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute". *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1) the existence of fraud or collusion behind the settlement:
2) the complexity, expense, and likely duration of the litigation;
3) the stage of the proceedings and the amount of discovery completed
4) the probability of plaintiffs success on the merits:
5) the range of possible recovery; and
6) The opinions of the counsel.

*See Leverso v. Southtrust Bank*, 18 F.3d 1527 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3.

**II. THE SETTLEMENT**

The Settlement Agreement is attached as Exhibit A. Under the terms of the Settlement Agreement, Defendant will pay Plaintiff the sum total of $500.00 in settlement of his claims. These amounts fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with litigation rather than settling.

The settlement also provides that Defendant will pay Plaintiffs' counsel the sum total of $1,000 in fees and costs. Plaintiffs' fees and costs were negotiated separately from the amount payable to Plaintiffs under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiffs' counsel.

A. **All of the Relevant Criteria Support Final Approval of the Settlement.**

As discussed above, Defendant denies that it owes Plaintiffs any additional compensation, and Plaintiffs acknowledge that the settlement amounts represent fair compensation for their FLSA claims. Accordingly, the settlement is fair. Here, the proposed settlement amount is only $300.00 less the amount of "hard damages" originally sought. This amount is fair and reasonable as the probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Accordingly, the settlement is fair. *See Davidson v. Orange Lake*, 2008 U.S. Dist. LEXIS 32438, at *2 (2008) (M.D. Fla. Mar. 27, 2008) (because plaintiff received all past due compensation to which she was arguably entitled under the FLSA, settlement was fair and there was no need for judicial scrutiny of agreement). Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Cent. Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously

represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The parties exchanged information during settlement negotiations regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

**III.      FEES WERE NEGOTIATED SEPARATELY AND ARE REASONABLE.**

Finally as part of the Parties' settlement, Plaintiff's attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at \*11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at \*15-16.

Here, Defendant's payment of $1,000.00 for Plaintiff's attorneys' fees and costs provides for the resolution of all attorneys' fees and costs owed to Plaintiff's counsel. The payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise.

**CONCLUSION**

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and Motion for Dismissal with Prejudice and enter a Final Order of Dismissal in this action.

**WHEREFORE**, Plaintiff, ULYSSES HOLMES and Defendants, CUSTOM CORNHOLE BOARDS INCORPORATED, respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated this 4th day of January, 2018.                Respectfully submitted,

| | |
|---|---|
| **Law Offices of Nolan Klein, P.A.** | **WENZEL FENTON CABASSA, P.A.** |
| Wells Fargo Tower – Suite 1500 | 110 NORTH FLORIDA AVENUE, |
| One East Broward Boulevard | SUITE 300 |
| Fort Lauderdale, FL 33301 | Tampa, Florida 33602 |
| Phone: (954-745-0588 | Phone: 813-224-0431 |
| Fax:     877-253-1691 | Fax:     813-229-8712 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| By: */ s / Hector V. Ramirez* | By: */ s / Brandon J. Hill* |
| **HECTOR V. RAMIREZ** | **BRANDON J. JILL** |
| Florida Bar No. 484857 | Florida Bar No.37061 |
| **NOLAN KLEIN, ESQUIRE** | **WENZEL FENTON CABASSA, P.A** |
| klein@nklegal.com | bhill@wfclaw.com |
| amy@nklegal.com | Direct: 813-337-7992 |
| richards@nklegal.com | |
| Florida Bar No. 108372 | |
| richards@nklegal.com | |
| ramirez@nklegal.com | |