# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This settlement agreement and release of claims ("Agreement") is entered into by and between ULYSSES HOLMES ("Plaintiff"), on the one hand, and CUSTOM CORNHOLE BOARDS INCORPORATED ("Defendant"), on the other. Plaintiff and Defendant shall be individually referred to herein as a "Party" or collectively as "Parties."

WHEREAS, Plaintiff and Defendant are parties to a lawsuit pending in the United States District Court for the Middle District of Florida, styled ULYSSES HOLMES v. CUSTOM CORNHOLE BOARDS INCORPORATED, (Case No.: 6:16-CV-1507-CRL-18-KRS), for claims under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA") ("Lawsuit");

WHEREAS, Defendants dispute the merits of Plaintiff's claims, including whether Plaintiff was paid all wages due, and whether Plaintiff worked the amount of hours alleged, and;

WHEREAS, the Parties have amicably resolved this matter under the following terms and conditions:

1. Defendant, in order to resolve the disputes asserted under the FLSA, which have arisen between the Parties, without further litigation and the costs associated with it, have agreed to pay Plaintiff and his attorney the total sum of $1,500.00 (US One Thousand Five Hundred Dollars and No Cents), due within Seven (7) calendar days from Plaintiff's execution of this agreement. Said sum, is to be apportioned as follows:

    a. $500.00 to Plaintiff, ULYSSES HOLMES, as payment for the purported back wages; and

    b. $1,000.00 to Plaintiff's counsel for attorney's fees and costs;

2. Both parties acknowledge these amounts were negotiated separately.

3. It shall be Plaintiff's sole responsibility to pay any applicable taxes and make any required withholdings under the law for the sums paid pursuant to ¶1 of this Agreement.

4. Plaintiff shall dismiss with prejudice, or otherwise cause the Court to dismiss with prejudice, the Lawsuit and all claims asserted therein. In the event that the Court does not approve the parties' settlement, the parties do hereby agree to cooperate and work together diligently in order to bring this Agreement to compliance with the Court and cause the case to be dismissed with prejudice upon approval of the parties' settlement.

5. Effective upon Defendants' payment of the sums set forth in ¶1 of this Agreement, as well as upon the Court's approval of this Agreement, Plaintiff for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, do hereby covenant not to sue, and remise, release, acquit, satisfy and forever discharge, Defendant from claims related to his work arising under the Fair Labor Standards Act ("FLSA"). The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that Plaintiff alleges under the Fair Labor Standards Act. Counsel for Plaintiff shall hold the settlement funds until the Court issues an Order in the Lawsuit approving this Agreement, and dismissing the Lawsuit with prejudice. The parties agree and acknowledge that Court approval of the Agreement is a material term of the settlement of the Lawsuit. The Parties also agree that this Settlement Agreement does not impact or in any way release the claims currently pending in Plaintiff's other lawsuit against Defendant Customer Cornhole Boards Incorporated, CASE NO.: 2017-CA-00-000494-O, pending in and for the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division.

6. **Non-Admission of Liability** - Plaintiff and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by the Released Party.

7. The Parties represent that they have read the Agreement, have had the opportunity to seek independent counsel of their own choice, and completely understand the terms and conditions and effect of this Agreement. The Parties are therefore fully aware of the terms and conditions contained in this Agreement and have voluntarily and without duress entered into this Agreement and the transactions contemplated thereby.

8. This Agreement shall not be construed more strictly against one party than against any other party merely by virtue of the fact that it might be prepared by counsel for one of the Parties, it being recognized that all Parties have contributed substantially and materially to the preparation of this Agreement.

9. **Capacity of the Parties** - Plaintiff represents and warrants to Defendant that he has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff had or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

10. **Entire Agreement** - This Agreement sets forth the entire agreement between Plaintiff and Defendant and, shall supersede any and all prior agreements, representations, or

understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

11. **Recitals Incorporated** - All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

12. **Counterparts** - This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

13. **Severability** - Should any provision of this Agreement be declared or determined by the Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

**WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.**

_____ Dated: December 12/14/20177
Plaintiff, **ULYSSES HOLMES**

Defendant, **CUSTOM CORNHOLE BOARDS INCORPORATED**
By: _____ Dated: December 13, 2017
Name: Daniel Jones
Position: President

4