# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ULYSSES HOLMES,**

    **Plaintiff,**

**v.**             Case No: **6:16-cv-1507-Orl-40KRS**

**CUSTOM CORNHOLE BOARDS INCORPORATED,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE (Doc. No. 74)** |
| **FILED:** | **January 4, 2018** |

**I.    BACKGROUND.**

Plaintiff Ulysees Holmes sued Defendant Custom Cornhole Boards Incorporated seeking damages for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and violation of the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205. Doc. No. 1. The FWCA claim was subsequently dismissed without prejudice for lack of supplemental jurisdiction, and Plaintiff was permitted to assert it concurrently with an already pending state court negligence action. Doc. Nos. 61, 62. As to the FLSA claim, Holmes alleges that Defendant failed to pay him overtime wages for all of the overtime hours he worked. Doc. No.

1, ¶ 22-23. Holmes seeks actual damages, liquidated damages, declaratory judgment and reasonable attorney's fees and costs. *Id.* ¶ 30.

On November 29, 2017, the parties advised the Court that they had settled this dispute and filed a motion for approval of the settlement of the FLSA claim as required by *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Court denied that motion because the proposed Settlement Agreement contained several provisions that undermined the fairness of the agreement, including a modification clause, a non-disparagement clause, a waiver of future employment clause, and a neutral references clause.

The parties have since revised the proposed Settlement Agreement and have filed a renewed motion for settlement approval. Along with their motion, they have attached an executed draft of the revised Settlement Agreement. Doc. Nos. 74, 74-1. In their motion, the parties represent that they have removed the non-cash provisions and the modification clause from the revised Settlement Agreement. Doc. No. 74, at 2.

The motion was referred to me and is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III. ANALYSIS.

#### A. *Whether Plaintiff Has Compromised His Claim.*

Under the terms of the revised Settlement Agreement and Release of FLSA Claims, Defendant will pay Plaintiff a total of $1,500.00—$500.00 in settlement of his FLSA claim and $1,000.00 to his counsel. Doc. No. 74-1, at 1 ¶ 1.

In his Answers to the Court's Interrogatories, Plaintiff stated that the total amount of unpaid overtime wages at issue in this case was $800.00. Plaintiff also stated that he was entitled to $800.00 in liquidated damages, for a total of $1,600.00. Because Plaintiff will receive less than $1,600.00, I recommend that the Court find he has compromised his claim within the meaning of *Lynn's Food*.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

B.  *Whether the Amount Is Fair and Reasonable*.

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. The parties agree that this action involves disputed issues, including whether Plaintiff was paid all wages due to him and the number of overtime hours he worked. These factual disputes explain the parties' compromise, and they believe the settlement is reasonable, given the disputed issues and the complexity, expense, and length of future litigation. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C.  *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement*.

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his counsel is reasonable, to ensure that the fees and costs to be paid to his counsel did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $1,000.00. Doc. No. 74-1, at 1 ¶ 1. Both sides represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount to be paid to Plaintiff. Doc. No. 74, at 6. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release states that Plaintiff releases Defendant from "claims related to his work arising under the Fair Labor Standards Act." Doc. 74-1, at 2 ¶ 5. The Settlement Agreement does not purport to release any other claims and expressly provides that it "does not impact or in any way release the claims currently pending in Plaintiff's other lawsuit against Defendant Customer Cornhole Boards Incorporated, Case No. 2017-CA-00-000494-O, pending in and for the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division." *Id.*

Some Judges have found general releases to be overbroad if they are not limited only to the claims asserted in the FLSA case. *See, e.g., Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA). Other Judges, including the presiding District Judge, have found that releases limited to wage claims generally are reasonable *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). Accordingly, if the Court finds that the release is appropriately limited to

FLSA claims, including the FLSA claim asserted in this case, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

IV. **RECOMMENDATIONS.**

In light of the foregoing, if the Court finds that the release does not render the settlement unfair, I respectfully **RECOMMEND** that the Court do the following:

1. **FIND** that the parties' Settlement Agreement and Release of FLSA Claims (Doc. No. 74-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2. **GRANT in part** the Renewed Joint Motion for Approval of Settlement (Doc. No. 74) without reserving jurisdiction to enforce the settlement agreement;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release or other provision of the Settlement Agreement render it unfair, I respectfully **RECOMMEND** that the Court **DENY** the motion.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 11, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy